NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BARRY ALLEN PUE**, <br><br> Plaintiff, <br><br> v. <br><br> **DR. WELLINGTON TSAI**, <br><br> Defendant. | Civil Action No. 21-06647 (ZNQ) (LHG) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss ("Motion") filed by Defendant Dr. Wellington Tsai ("Defendant"). ("Motion," ECF No. 5.) Defendant filed a Brief in Support of the Motion. ("Moving Br.," ECF No. 5-1.) Plaintiff Barry Allen Pue ("Plaintiff") opposed the Motion.[1] Defendant did not file a formal reply.

    The Court has considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court has determined *sua sponte* that it lacks subject matter jurisdiction over this matter. It will therefore dismiss this action and deny Defendant's Motion to Dismiss as moot.

---

[1] Two weeks after Defendant filed his Motion to Dismiss, Plaintiff filed a three-page document styled as a Motion for Summary Judgment. (ECF No. 6.) Based on the timing of Plaintiff's filing, however, and his inclusion of the phrase "Answer to Dismiss Complaint," the Court considers it his opposition to Defendant's Motion to Dismiss. (*Id.* at 2.)

**I.     BACKGROUND AND PROCEDURAL HISTORY**

On March 24, 2021, Plaintiff, proceeding *pro se*, filed the Complaint, which appears to assert a tort claim against Defendant arising from dental care that he provided to Plaintiff. ("Compl." ¶ 2–3, ECF No. 1.) Specifically, Plaintiff alleges that during a visit on August 16, 2018, Defendant Tsai "grind[ed] down [his] upper front teeth," resulting in an infection. (*Id.* ¶ 3.) Plaintiff also alleges that when he complained to Defendant, he was ignored. (*Id.*) Moreover, Defendant Tsai also "did not clean [his] upper left back teeth before filing them," resulting in "severe pain." (*Id.*) According to Plaintiff, Defendant "pulled [the] fillings out of [his] lower left teeth" and his pain was so severe that "[he] thought [he] was going to die." (*Id.*) Plaintiff sought subsequent treatment elsewhere. (*Id.* ¶ 4.)

On April 30, 2021, Defendant filed this Motion to Dismiss.

**II.    PARTIES' ARGUMENTS**

In support of his Motion, Defendant asserts that Plaintiff previously "filed a dental malpractice action in Superior Court of New Jersey which was dismissed for failure to timely serve the required Affidavit of Merit." (Moving Br. at 5.) He argues that New Jersey law required Plaintiff to file an Affidavit of Merit "to maintain a cause of action for professional negligence or dental malpractice against [him]." (*Id.* at 6.) Plaintiff failed to do so, and his cause of action was dismissed by the state court. (*Id.*) Defendant argues that Plaintiff's claim in this Court should be dismissed as barred by *res judicata*. (*Id.*) Second, Defendant argues that, in the alternative, he is entitled to summary judgment under Rule 56 because "[t]here is no dispute that [P]laintiff previously filed a dental malpractice complaint in the state court, which was dismissed for failure to state a cause of action." (*Id.* at 7.)

2

In response, Plaintiff argues the merits of his claims. He does not deny the existence or the outcome of a prior suit in New Jersey Superior Court. In fact, he attaches a transcript of the Superior Court trial proceedings to his Complaint. (ECF No. 1-2.)

### III. **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction, and when there is a question as to [their] authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (citation omitted). Accordingly, federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Greene v. Sloane*, 783 F. App'x. 108, 110 n.2 (3d Cir. 2019) (citation omitted). Even where the parties have not specifically raised the issue of a court's subject matter jurisdiction, it must determine as a threshold matter whether its exercise of jurisdiction is proper before ruling on the merits of the pending motion. *Copeland v. Newfield Nat'l Bank*, Civ. No. 17-17, 2017 WL 6638202, at *2 (Dec. 29, 2017) (citing *In re Caterbone*, 640 F.3d 108, 111 (3d Cir. 2011)). "If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits. It has no authority to do so." *In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 157 (3d. Cir. 1997).

### IV. **ANALYSIS**

The Complaint in this matter alleges that the Court has subject matter jurisdiction based on federal question. As support, Plaintiff cites "General Law of Torts: Law 101: Fundamentals of the Law." (Compl. at 2.) His reference to torts is consistent with the remainder of the Complaint, which appears to allege a personal injury claim against Defendant based on dental care that Defendant provided. Federal question jurisdiction under 28 U.S.C. § 1331 encompasses civil

actions "arising under the Constitution, laws, or treaties of the United States." Plaintiff does not explain how his claim raises a federal question and, from this record, the Court is unable to discern how it might raise one. Given Plaintiff's *pro se* status, on its own initiative the Court also reviewed the Complaint for a basis for diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 confers jurisdiction for "civil actions . . . between . . . citizens of different states." In this case, however, the Complaint clearly states that both Plaintiff and Defendant are New Jersey residents, therefore the Court perceives no basis to assert diversity jurisdiction. Accordingly, the Court concludes that it lacks subject matter jurisdiction over this matter and it will be dismissed.

The Court of Appeals for the Third Circuit requires that *pro se* plaintiffs be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). Here, while it may be difficult to conceive of how Plaintiff might plead his Complaint in such a way as to fall within the Court' jurisdiction, much less overcome other potential issues like *res judicata* and the Rooker-Feldman doctrine that may be implicated by his apparent attempt to re-litigate his state claims, the Court is reluctant to find on this record that any such amendment would be futile. Therefore, in an abundance of caution, the Complaint will be dismissed without prejudice to Plaintiff's right to file an Amended Complaint within fourteen (14) days of the date of this Opinion. If Plaintiff does not file an Amended Complaint by that time, this action will be dismissed with prejudice.

## V. CONCLUSION

For the reasons stated above, the Court *sua sponte* will dismiss the Complaint without prejudice and deny Defendant's Motion to Dismiss as moot. Plaintiff will be granted a short period to file an Amended Complaint. An appropriate Order will follow.

Date: **February 22, 2022**

                                               s/ Zahid N. Quraishi
                                               **ZAHID N. QURAISHI**
                                               **UNITED STATES DISTRICT JUDGE**